UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00159-MR

| | |
|---|---|
| **DERRICK L. DAVENPORT,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **C. JUDGE, Warden,** ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed on June 22, 2023 pursuant to 28 U.S.C. § 2254 by Derrick L. Davenport ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and Motion to Stay [Doc. 5].

**I.    BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted of statutory rape of a fifteen-year-old and indecent liberties with a child in Cleveland County, North Carolina on March 5, 2002. [Doc. 1 at 1]; State v. Davenport, 150 N.C.App. 439 (N.C. Ct. App. May 21, 2002)(unpublished table decision). The Petitioner was sentenced to a term of 330 to 405 months of imprisonment. [Id.].

The Petitioner filed a direct appeal and his judgment of conviction was upheld by the North Carolina Court of Appeals on May 21, 2002. [Id.]. The Petitioner did not seek further appellate review of his judgment of conviction. [Doc. 1 at 2]. The Petitioner also did not file any other petitions or motions concerning his judgment of conviction in state court. [Id. at 3].

The Petitioner filed his § 2254 petition in the Eastern District of North Carolina on June 22, 2023, which was subsequently transferred to this Court. [Docs. 1, 3, 4]. In his § 2254 petition, the Petitioner seeks "immediate release for serving maximum court imposed sentence." [Doc. 1 at 15].

## II.   STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or amounts of money in any bank accounts and a zero balance in his inmate trust account. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B. Initial Review of § 2254 Petition

The Petitioner raises one ground for relief in his petition—the "Gideon Rule Exception," in which he alleges that the trial court used prior uncounseled convictions to enhance his current sentence. [Doc. 1 at 5].[1]

---

[1] The Petitioner appears to be referring to the rule set forth in Gideon v. Wainwright, 372 U.S. 335 (1963), which guaranteed the right to counsel to defendants in state felony proceedings.

3

The Petitioner provides no further facts or allegations in the petition to describe his claim.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. The Petitioner fails to plead any facts to show that his habeas claim is based on the state court's misapplication of federal law, as required by 28 U.S.C. § 2254. The Petitioner's lack of specificity makes it impossible for the Court to discern the basis under which the Petitioner seeks relief. Because the petition fails to specify any valid grounds for habeas relief and supporting facts, it is deficient and shall be dismissed.

The § 2254 petition is also procedurally barred due to the Petitioner's failure to exhaust his available state remedies. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North

4

Case 1:23-cv-00159-MR   Document 6   Filed 08/28/23   Page 4 of 7

Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts."). The Petitioner did not seek further review following his direct appeal and he did not file any post-conviction motions in state court. Therefore, the Petitioner has not properly exhausted his available state remedies and his § 2254 petition is procedurally barred.

The § 2254 petition is also subject to dismissal as untimely. Generally, a § 2254 petition must be filed within one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). The Petitioner's direct appeal was resolved on May 21, 2002. The Petitioner's conviction became final thirty-five days later, on or about June 25, 2002. See N.C. R.App. P. Rules 14(a) and 15(b)(15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after written opinion filed). The one-year statute of limitations then began running for 365 days until it expired on or about June 25, 2003. See 28 U.S.C. § 2244(d)(1). Therefore, the

5

Case 1:23-cv-00159-MR   Document 6   Filed 08/28/23   Page 5 of 7

Petitioner's § 2254 petition filed in this Court on June 22, 2023 was well beyond the statute of limitations and is untimely.

## C. Motion to Stay

The Petitioner moves this Court for a stay or abeyance in order to obtain state records. [Doc. 5]. However, in light of the fact that the § 2254 shall be dismissed as discussed above, the Petitioner is not entitled to a stay of this proceeding. As such, the motion shall be denied.

## D. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Petitioner's Motion to Stay [Doc. 5] is **DENIED**.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge